# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**HEARTLAND BANK, an Arkansas State Bank**                                    **PLAINTIFFS**

**vs.**                                  **CASE NO.: 4:17-cv-00549-DPM**

**FIRST CAPITAL VICTORIA, LLC;**
**FIRST CAPITAL JOURDANTON, LLC;**
**FIRST CAPITAL HOBBS, LLC;**
**FIRST CAPITAL REAL ESTATE INVESTMENT, LLC;**
**FIRST CAPITAL RETAIL, LLC; FIRST CAPITAL**
**REAL ESTATE ADVISORS, LP; and SUNEET SINGAL**                   **DEFENDANTS**

## VERIFIED SECOND AMENDED COMPLAINT

Heartland Bank, for its Verified Second Amended Complaint against defendants First Capital Victoria, LLC; First Capital Jourdanton, LLC; First Capital Hobbs, LLC; First Capital Real Estate Investments, LLC; First Capital Retail, LLC; First Capital Real Estate Advisors, LP; and Suneet Singal; states:

## PARTIES

1.      Heartland Bank is a state bank organized under the laws of the State of Arkansas. Its principal place of business is in Little Rock, Arkansas.

2.      First Capital Victoria, LLC ("FC Victoria") is a limited liability company formed under the laws of the State of Delaware.  Its principal place of business is in Gold River, California.

3.      First Capital Jourdanton, LLC ("FC Jourdanton") is a limited liability company formed under the laws of the State of Delaware.  Its principal place of business is in Gold River, California.

4.      First Capital Hobbs, LLC ("FC Hobbs") is a limited liability company formed under the laws of the State of Delaware.  Its principal place of business is in Gold River, California.

5.      First Capital Real Estate Investments, LLC ("FC Investments") is a limited liability company formed under the laws of the State of California.  Its principal place of business is in Gold River, California.

6.      First Capital Real Estate Advisors, LP ("FC Advisors") is a limited liability company formed under the laws of the State of Delaware.  Its principal place of business is in Gold River, California.

7.      First Capital Retail, LLC ("FC Retail") is a limited liability company formed under the laws of the State of Nevada.  Its principal place of business is in Gold River, California.

8.      Suneet Singal is a resident and citizen of the State of California.

<u>**JURISDICTION AND VENUE**</u>

9.      This Court has jurisdiction over this action because there is complete diversity of citizenship between Heartland Bank and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10.      Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Arkansas. *See* 28 U.S.C. § 1391.  Furthermore, venue is appropriate based on choice of venue provisions included in the agreements sued upon.

11.      This Court has personal jurisdiction over all Defendants under the Arkansas Long Arm Statute and the agreements of the parties. All Defendants have established "minimum contacts" with the State of Arkansas, and the exercise of personal jurisdiction over Defendants would not offend "traditional notions of fair play and substantial justice."  All Defendants regularly do business or solicit business, engage in other persistent courses of conduct, or derive substantial revenue from goods and services provided to individuals in this State and in this District.

2

**FACTUAL BACKGROUND**

12.     In September 2013, Heartland Bank loaned money to RREAF Victoria, LLC;

RREAF Jourdanton, LLC; and RREAF Hobbs, LLC (collectively, the "RREAF Entities"), which

the RREAF Entities used to purchase hotels in Victoria, Texas; Jourdanton, Texas; and Hobbs,

New Mexico.  Heartland Bank secured the loans with first-priority security interests in each hotel

via filed Deeds of Trust on the hotels in Texas and a Mortgage on the hotel in New Mexico.

13.     In the fall of 2015, Mr. Singal, the Chairman and CEO of FC Investments,

approached Heartland Bank with a proposal to acquire the RREAF Entities and the hotels each

owned.

14.     Mr. Singal proposed that Heartland Bank loan money to FC Victoria, FC

Jourdanton, and FC Hobbs, three subsidiaries of FC Investments, for the acquisition of the RREAF

Entities.

15.     FC Victoria, FC Jourdanton, and FC Hobbs are hereinafter referred to as the "FC

Entities."  The FC Entities were created to become the parent companies for each corresponding

RREAF Entity (i.e., FC Hobbs was created to be the parent corporation of RREAF Hobbs).

16.     To secure each loan, the FC Entities, according to Mr. Singal, would grant to

Heartland Bank a security interest in all of the membership interest the FC Entities were acquiring

from the RREAF Entities.  Under this proposal, Heartland Bank would also keep its first-priority

security interest in the hotels that secured the original notes to the RREAF Entities.

17.     Heartland Bank agreed to Mr. Singal's proposal, and Heartland Bank's loans to FC

Victoria, FC Jourdanton, and FC Hobbs closed on December 30, 2015.

18.     Heartland Bank entered into separate agreements with the FC Entities, which were

documented by: (a) Promissory Notes (*See* Exhibits 1, 2, and 3); (b) Credit Agreements, (*See*

Exhibits 4, 5, and 6); (c) Collateral Assignments of Note and Lien ("Collateral Assignments"),

(*See* Exhibits 7, 8, and 9); (d) Security Agreements (*See* Exhibits 10, 11, and 12); (f) UCC-1 Agreements (*See* Exhibits 13, 14, and 15); and (e) Managing Member Certificate Agreements (*See* Exhibits 16, 17, and 18).  Mr. Singal signed the agreements on behalf of the FC Entities in his capacity as the managing member of FC Investments.

19.    FC Investments and FC Retail executed limited Guaranty Agreements related to these transactions to provide additional security (*See* Exhibits 19, 20, 21; and 22).  Mr. Singal signed the guaranties on the behalf of FC Investments and FC Retail.

20.     Heartland Bank loaned $4,394,227.15 to FC Victoria, $5,038,500.00 to FC Jourdanton, and $5,897,626.36 to FC Hobbs.

21.    In return, the FC Entities agreed to repay the principal of each loan with interest by the maturity date.

22.    On February 5, 2016, Heartland Bank and the FC Entities amended the Credit Agreements to change the payment grace period from 5 days to 10 days.  (*See* Exhibits 23, 24, and 25).

23.    On June 30, 2016, Heartland Bank's loans to the FC Entities matured and went into default.

24.    Later in November of 2016, Mr. Singal executed: (1) an individual guaranty (*See* Exhibit 26); (2) an individual Pledge and Security Agreement (*See* Exhibit 27); (3) a Pledge and Security Agreement from FC Investments (*See* Exhibits 28); and (4) a Pledge and Security Agreement from FC Advisors (*See* Exhibit 29).

25.    On February 23, 2017, FC Investments conveyed its 100% ownership interest in FC Retail to Ramesh Prasad in clear violation of the terms of the November 2016 Pledge and Security Agreement.  (*See* Exhibit 28).

## COUNT I – BREACH OF CONTRACT

26.     Heartland Bank restates and incorporates by reference Paragraphs 1 – 25.

27.     Count I is brought against the FC Entities.

28.     Heartland Bank loaned $4,394,227.15 to FC Victoria, $5,038,500.00 to FC Jourdanton, and $5,897,626.36 to FC Hobbs.   In return, the FC Entities agreed to repay the principal of each loan with interest by the maturity date.

29.     The loans have matured and the FC Entities are in default.  By failing to pay as they agreed, the FC Entities have breached the Promissory Notes, (Exhibits 1, 2, and 3); (b) Credit Agreements, (Exhibits 4, 5, and 6); (c) Collateral Assignments, (Exhibits 7, 8, and 9); and (d) Security Agreements (Exhibits 10, 11, and 12).

30.     Heartland Bank has been damaged as a result of the breaches.  Heartland Bank is entitled to recover all unpaid principal and interest on these loans.

31.     Pursuant to the terms agreed to by the FC Entities and Arkansas Code Annotated § 16-22-308, Heartland Bank also is entitled to their attorney's fees and costs for bringing this action.

32.     Heartland Bank is entitled to pre-judgment and post-judgment interest at the maximum rate allowed by law.

## COUNT II – BREACH OF GUARANTY

33.     Heartland Bank restates and incorporates by reference Paragraphs 1 – 32.

34.     Count II is brought against FC Investments, FC Retail, and Mr. Singal.

35.     Heartland Bank entered into Guarantee Agreements with FC Investments, FC Retail, and Mr. Singal (Exhibits 19, 20, 21, 22 and 26).

36.     Under these agreements, FC Investments, FC Retail, and Mr. Singal guaranteed the punctual payment, when due, of all principal and interest owed under the loans to the FC Entities.

37.     The FC Entities defaulted on their loans.

38.     FC Investments, FC Retail, and Mr. Singal have not paid Heartland Bank the principal and interest owed under the loans to the FC Entities.

39.     Heartland Bank is entitled to damages for FC Investments, FC Retail, and Mr. Singal's breaches of the Guaranty Agreements.  Heartland Bank is entitled to recover all unpaid principal and interest on these loans.

40.     Pursuant to the terms agreed to by FC Investments, FC Retail, and Mr. Singal in the Guarantee Agreements and Arkansas Code Annotated § 16-22-308, Heartland Bank is entitled to its attorney's fees and costs for bringing this action (Exhibit 19, at 6; Exhibit 20, at 6; Exhibit 21, at 6; Exhibit 22, at 6; Exhibit 26, at 8-9)

41.     Heartland Bank is entitled to pre-judgment and post-judgment interest at the maximum rate allowed by law.

### COUNT III – BREACH OF PLEDGE AND SECURITY AGREEMENT

42.     Heartland Bank restates and incorporates by reference Paragraphs 1 - 41.

43.     Count III is brought against FC Investments, Mr. Singal, and FC Advisors.

44.     FC Investments, Mr. Singal, and FC Advisors entered into Pledge and Security Agreements (Exhibits 27, 28, and 29).

45.      FC Investments, Mr. Singal, and FC Advisors entered into the Pledge and Security Agreements to provide additional security for Heartland Bank's loans to the FC Entities.

46.     FC Investments, Mr. Singal, and FC Advisors breached the Pledge and Security Agreements and failed to provide the additional security for Heartland bank's loans to the FC Entities as promised.

47.     Heartland Bank is entitled to damages for the breaches of the Pledge and Security Agreements.

6

48.     Heartland Bank is entitled to attorney's fees and costs pursuant to Ark. Code Ann. § 16-22-308.

49.     Heartland Bank is entitled to pre-judgment and post-judgment interest at the maximum rate allowed by law

### COUNT IV – REPLEVIN

50.     Heartland Bank restates and incorporates by reference Paragraphs 1 – 50.

51.     Count IV is brought against the FC Entities.

52.     The Security Agreements between Heartland Bank and the FC Entities define collateral as "all Accounts, Chattel Paper, Documents, Equipment, Fixtures, General Intangibles, Investment Property, Instruments, Inventory, Pledged Deposits, Stock Rights and Other Collateral, wherever located, in which Borrower now has or hereafter acquires any right or interest, and the proceeds, insurance proceeds and products thereof, together with all books and records, customer lists, credit files, computer files, programs, printouts and other computer materials and records related thereto."

53.     The FC Entities are in possession of or in control of personal property collateral on which Heartland Bank holds a perfected security interest.

54.     The FC Entities possess the collateral despite lawful demands that the FC Entities cure their breach of their agreements with Heartland Bank.

55.     Because the FC Entities defaulted on their obligations, the collateral belongs to Heartland Bank, and Heartland Bank is entitled to the immediate possession of the collateral.

56.     Heartland Bank is entitled to an Order of Delivery requiring the FC Entities to relinquish possession and control of the collateral and to return it all to Heartland Bank immediately.

57.     The collateral wrongfully detained by the FC Entities has not been taken for a tax or fine against Heartland Bank, has not been taken for any order or judgment of a court against Heartland Bank, and has not been seized under an execution or attachment against Heartland Bank, or its property.

58.     Heartland Bank reasonably believes that the value of the collateral is less than the debt owed by the FC Entities under the terms of the above-referenced agreements, although the actual value of the collateral cannot be determined until they are inspected and sold at a commercially reasonable sale.

59.     Heartland Bank's cause of action in this count accrued within the last three (3) years.

60.     Pursuant to Arkansas Code Annotated § 18-60-801 *et seq*., Heartland Bank requests that this Court issue an Order of Delivery for the collateral described in this Verified Amended Complaint and in the attached Affidavit for Replevin (Exhibit 30).

61.     Heartland Bank is entitled to attorneys' fees and costs pursuant to Arkansas Code Annotated § 16-22-308 and Arkansas Rule of Civil Procedure 54.

62.     Heartland Bank is entitled to pre-judgment and post-judgment interest at the maximum rate allowed by law.

WHEREFORE, Heartland Bank prays that the Court enter judgment in its favor and against defendants for compensatory damages, attorneys' fees, costs, pre-judgment, and post-judgment interest, and all other relief to which it is entitled.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 (Telephone)
(501) 379-3834 (Facsimile)
cchiles@qgtlaw.com
jprice@qgtlaw.com
ckeller@qgtlaw.com

By:/s/ Christoph Keller_____
    E.B. Chiles IV (Ark. Bar I.D. No. 96179)
    Joseph W. Price, II (Ark. Bar I.D. No. 2007168)
    Christoph Keller (Ark. Bar I.D. No. 2015145)

*Attorneys for Heartland Bank*

## CERTIFICATE OF SERVICE

    I hereby certify that, on February 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

                            /s/ Christoph Keller_____
                            Christoph Keller