## COLLATERAL ASSIGNMENT OF NOTE AND LIEN

This **COLLATERAL ASSIGNMENT OF NOTE AND LIEN** (this "Assignment") is entered into as of December 30, 2015, by and between **FIRST CAPITAL HOBBS, LLC**, a Delaware limited liability company ("Assignor"), and **HEARTLAND BANK**, an Arkansas state bank ("Lender").

### WITNESSETH:

WHEREAS, Assignor and Lender are entering into a Credit Agreement dated of even date herewith (as it may be amended or modified from time to time, the "Credit Agreement"), providing, subject to the terms and conditions thereof, for extensions of credit to be made by the Lender to Assignor; and

WHEREAS, to induce Lender to enter into and extend credit to Assignor under the Credit Agreement, Assignor is entering into this Assignment;

NOW, THEREFORE, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, and for the mutual and dependent covenants herein contained, and intending to be legally bound, Assignor does hereby agree, represent, warrant and certify as follows:

1.  Assignment.  Assignor has TRANSFERRED, ASSIGNED, PLEDGED, SOLD, GRANTED and CONVEYED and does by these presents TRANSFER, ASSIGN, PLEDGE, SELL, GRANT and CONVEY, unto Lender a first priority security interest ("Security Interest") in and to the promissory notes identified on Exhibit A, attached hereto and made a part hereof (collectively, the "Collateral Loan Notes"; and together with all other documents, instruments and certificates or other writings executed or delivered to Assignor in connection with or pertaining to the Collateral Loan Notes, the "Collateral Loan Documents") and any other Instruments (as defined in the UCC) now or hereafter owned by Assignor, together with all attendant rights of payment, liens, rights, titles, assignments and interests (including security interests) securing or related to the Collateral Loan Notes and the loans evidenced thereby (the "Collateral Loans"), and together with all other documents, instruments and certificates or other writings executed or delivered to Assignor in connection with or pertaining to the transactions and indebtedness governed, secured or covered by the Collateral Loan Documents, and any and all proceeds thereof, substitutions thereof and additions thereto (all of the foregoing being hereinafter referred to sometimes as the "Collateral").  The Collateral herein covered shall include, without limitation, all right, title and interest of Assignor in and to all Collateral Loans and related rights and interests under Collateral Loan Documents whether owned by Assignor on the date hereof, or which Assignor owns at any time after the date hereof, and whether or not such Collateral Loan was funded with the proceeds of the Loan.

2.  Assignor's Warranties, Covenants and Further Agreements.  Assignor hereby represents, warrants and agrees with Lender that as of the date any of the Collateral is delivered to Lender, or is otherwise covered by this Agreement, the following:

EXHIBIT 8

(a)  <u>Collateral Loan Documents</u>.  Assignor has not sold, transferred, pledged or assigned any of its interest in any Collateral Loan Note, nor any of the liens, assignments, pledges or security interests which secure any Collateral Loan Note. Assignor will not agree, acquiesce or consent to, any agreement with any Collateral Loan Assignor to amend, modify, supplement, release or terminate any Collateral Loan Documents in any manner, without the prior written consent of Lender.

(b)  <u>Lien Created by Mortgage or other Collateral</u>.  Assignor has determined that each mortgage or other Collateral Loan Document creates a valid lien on the assets covered thereby (the "<u>Underlying Security</u>").

(c)  <u>Status of Collateral Loan Documents</u>.  Assignor has determined that no uncured breaches or defaults to the Collateral Loan Documents exist thereunder, and there exists no event which has occurred or circumstances which then exists which, but for the passage of time, without cure and/or with the giving of notice, would constitute a default or breach under the Collateral Loan Documents.

(d)  <u>No Claims</u>.  Each of the Collateral Loan Documents is in full force and effect, and there are no claims, damages, demands, actions, causes of action or defenses to the enforcement of such Collateral Loan Documents which Collateral Loan Borrower has or may have against Assignor (or any subsequent holder of the Collateral Loan Note), known or unknown, then existing or that may thereafter arise, directly or indirectly, of every kind and character, and liability (i) arising out of or in relation to the indebtedness evidenced by the applicable Collateral Loan Note and such other Collateral Loan Documents or the applicable Underlying Security under or pursuant to common or statutory law, rules or regulations including, but not limited to, state and/or federal law (including but not limited to all usury and environmental laws); (ii) for or because of any and all acts, matters or things done or omitted prior to the date hereof, which relate to any and all claims of any kind or character pertaining to the applicable Collateral Loan, such Collateral Loan Documents and the applicable Underlying Security, or otherwise, growing out of or in any way connected with or resulting from conduct, representations, acts, actions, or omissions in connection with any breach of fiduciary duty, sole or concurrent negligence, bad faith, malpractice, intentional or negligent infliction of mental distress, tortious interference with contractual relations, tortious interference with corporate or partnership governance or prospective business advantage, breach of contract, deceptive trade practices, injury to any person or entity of whatever nature, and libel or slander (without admitting or implying that any such claim exists or has any validity); and (iii) arising out of or attributable to any and all conduct, representations, acts, matters, or things done, omitted, or supposed to be done by Assignor prior to the date hereof.

(e)  <u>Casualty/Condemnation Proceeds</u>.  Assignor has determined that (i) no portion of any applicable Mortgaged Property or other Underlying Security has suffered any casualty damage which has not been fully repaired or restored prior to the date thereof, except for such damage as is to be repaired pursuant to the budget included in the Collateral Loan Submission Package, (ii) there are no outstanding insurance proceeds due to the applicable Collateral Loan Borrower as reimbursements for any repairs or

restoration made to such Mortgaged Property or other Underlying Security, and (iii) no portion of such Mortgaged Property or other Underlying Security has been taken or condemned by any Governmental Authority, nor is Assignor aware of any fact which might lead to or allow any Governmental Authority to take or condemn any portion of such Mortgaged Property or other Underlying Security in the future.

      (f)    <u>Title</u>.  Except for the Security Interest and any other matter approved by Lender in writing, Assignor has full and complete title to the Collateral free from any lien, pledge, assignment, security interest, encumbrance or claim and Assignor will, during the term of this Assignment, at Assignor's cost, keep the Collateral free from other liens, pledges, assignments, security interests, encumbrances or claims, and defend any action claim or demand which may affect the Security Interest or Assignor's title or interest in and to the Collateral.  This Assignment and any money, account, instrument or document which is, or shall be, included in the Collateral is, and shall be, genuine and legally enforceable and free from any setoff, counterclaim or defense.  No notice of bankruptcy or insolvency of any Collateral Loan Borrower has been received by Assignor.

      (g)    <u>Perfection</u>.  No financing statement covering the Collateral or any part or proceeds thereof is on file in any public office, except with respect to any other matter approved by Lender in writing, and, at Lender's request, Assignor will join in executing all financing statements and other instruments deemed necessary by Lender to perfect the Security Interest and will pay all costs thereof.

      (h)    <u>Assignment</u>.  Notwithstanding any other provision hereof, Assignor will not sell, lease, pledge, hypothecate or otherwise dispose of all or part of the Collateral or any of its interests therein, except as herein provided or provided in the Credit Agreement.  Lender may assign or transfer all or part of its rights in, and obligations, if any, under the Loan, any of the Collateral and this Assignment.

      (i)    <u>Delivery of Money to Lender</u>.  Assignor will, upon receipt of any cash remittance in payment of or for the Collateral (exclusive of funds held pursuant to a custodial or trust arrangement), immediately deposit all of same properly endorsed in the Lenders' Control Account.  The funds in said bank account shall be held by Lender as security for the Loan and in accordance with the terms set forth in the Credit Agreement.

      3.    <u>Events of Default</u>.  An "Event of Default" under this Agreement shall have the same meaning as defined in the Credit Agreement.

      4.    <u>Remedies of Lender Upon Default</u>.  When an Event of Default occurs, and at any time thereafter, Lender may declare all or a part of the Loan immediately due and payable and may proceed to enforce payment of same and to exercise any and all of the rights and remedies provided by the UCC as well as all other rights and remedies possessed by Lender or Lenders under this Assignment or otherwise at law or in equity.  For purposes of the notice requirements of the UCC, Lender, Lenders and Assignor agree that notice given at least ten (10) days prior to the related action hereunder is reasonable.  Lender (on behalf of Lenders) shall be entitled to immediate possession of the Collateral and all books and records evidencing same and shall have

authority to enter upon any premises, upon which said items may be situated, and remove same therefrom. Expenses of holding, preparing for sale, selling, or the like, shall include, without limitation, Lender's and Lenders' reasonable attorneys' fees to the extent allowed by the UCC. Lender may use its discretion in applying the proceeds of any disposition of the Collateral. All rights and remedies of Lender and Lenders hereunder are cumulative and may be exercised singly or concurrently. The exercise of any right or remedy will not be a waiver of any other.

5. _Transfer of Note and Liens_. Concurrently herewith, Assignor shall execute, have notarized and delivered to Lender a Transfer of Note and Liens (the "Transfer") in the form attached hereto as Exhibit B. Such Transfer shall be held by Lender until such time that Lender or a purchaser at foreclosure succeeds to the rights and interests of Assignor in and to the Collateral, pursuant to a public sale, private sale, judicial foreclosure or other proceeding brought by Lender or by any other manner, in which event Assignor hereby authorizes and empowers Lender to complete and record all or any of the Transfer. If Lender does not have a Transfer with respect to any particular Collateral Loan, Assignor shall upon demand of Lender execute and deliver an appropriate Transfer. In the event Assignor shall fail to execute the Transfer within five (5) days after being requested to do so by Lender, Assignor hereby agrees that Lender, in addition to any other remedy available to Lender for Assignor's default, shall have the right, but not the obligation, to execute, pursuant to the power of attorney granted to Lender in the Credit Agreement, such Transfer without the consent or joinder of Assignor in order to evidence Lender's succession in interest by Lender to Assignor in and to the applicable Collateral.

6. _Institution of Foreclosure Proceedings_. In the event that, as a result of a default under any Collateral Loan, Assignor desires to institute foreclosure proceedings on the applicable Underlying Security, Assignor shall so notify Lender of the actions it intends to take, and the Collateral Loan Documents being held by Lender or the Custodian which Assignor needs in order to take such action. Provided that no Default or Event of Default has occurred and is continuing, and Lender does not object to the actions Assignor proposes to take with respect to any Collateral Loan, in Lender's sole discretion, Lender shall release the documents requested by Assignor pursuant to a trust receipt in form and substance satisfactory to Lender. In addition, as a condition to Lender's consent to the institution of any such foreclosure proceedings by Assignor, Lender shall have the right, at Lender's sole option, to require Assignor, in connection with Lender's granting its consent to any such foreclosure proceeding, to grant, convey and assign to Lender a lien and security interest in and to the applicable Underlying Security, of at least the same dignity and priority as the Collateral Loan Document being foreclosed, and Assignor agrees to execute, procure and deliver any and all such documents and instruments and take any such actions as Lender may require, in its sole and absolute discretion, to evidence such lien and security interest.

7. General.

(a) _Waiver by Lender_. No waiver by Lender or Lenders of any right hereunder or of any default by Assignor shall be binding upon Lender or Lenders unless in writing executed by Lender. Failure or delay by Lender or Lenders to exercise any right hereunder or waiver of any default of Assignor shall not operate as a waiver of any other right, of further exercise of such right, or of any further default.

(b)     <u>Parties Bound</u>.  This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors, receivers, trustees and permitted assigns where permission to assign is required by this Assignment or the Credit Agreement.  This Assignment shall constitute a continuing agreement, applying to all future as well as existing transactions, such future transactions being contemplated by Assignor and Lender.

(c)     <u>Arkansas Law to Apply</u>.   This Assignment shall be construed in accordance with the UCC (the definitions of which apply herein) and other applicable laws of the State of Arkansas and any proceeding hereunder shall be in Pulaski County, Arkansas.

(d)     <u>Notice</u>.  All notices or other communications required or permitted to be given hereunder shall be in writing and shall be considered as properly given if given in the manner provided by, and at the addresses set forth in, the Credit Agreement.

(e)     <u>Modification</u>.  This Assignment shall not be amended in any way except by a written agreement signed by the parties hereto.

(f)     <u>Severability</u>.  The unenforceability of any provision of this Assignment shall not affect the enforceability or validity of any other provision hereof.

(g)     <u>Construction</u>.  If there is any conflict between the provisions hereof and the provisions of the Credit Agreement, the terms hereof shall control.  The captions herein are for convenience of reference only and not for definition or interpretation.

(h)     <u>Waiver of Assignor</u>.  Assignor hereby waives presentment, demand, notice of dishonor, notice of acceleration, notice of intent to accelerate, protest, and notice of protest, and all other notices with respect to collection, or acceleration of maturity, of the Collateral and Loan, except as otherwise expressly provided herein or in the Loan Documents.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

## SIGNATURE PAGE TO FOLLOW]

EXECUTED as of the date first above written.

**BORROWER:**

**FIRST CAPITAL HOBBS, LLC**
a Delaware limited liability company

By:    First Capital Real Estate Investments, LLC,
a California limited liability company,
its sole member

By: _____
Suneet Singal, Managing Member


STATE OF _____ §
                             §
COUNTY OF _____ §

This instrument was acknowledged before me on the _____ day of December, 2015 by Suneet Singal, Managing Member First Capital Real Estate Investments, LLC, a California limited liability company, sole member of First Capital Hobbs, LLC a Delaware limited liability company, on behalf of said limited liability company.


_____
Notary Public - State of _____

My Commission Expires:

_Jun 26. 2018_      _See Attached 2015 CA Approved Verbiage_

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of *Sacramento* )

On *30 Dec 2015* before me, Thomas L Steinbach, Notary Public
_____
(insert name and title of the officer)

personally appeared *Suneet Singal* ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

THOMAS L. STEINBACH
Commission # 2069759
Notary Public - California
Sacramento County
My Comm. Expires Jun 26, 2018

*Collateral   Assignment of Note And Lien*

EXHIBIT A

## Collateral Loan Note

Promissory Note (Term Loan) dated September 27, 2013 in the original principal amount of $5,950,000 and executed by RREAF Hobbs, LLC, a Texas limited liability company and made payable to the order of Heartland Bank

## EXHIBIT B

## TRANSFER OF NOTE AND LIENS

This Transfer of Note and Liens ("Transfer") is executed as of *December 30*, 2015 by **FIRST CAPITAL HOBBS, LLC,** a Delaware limited liability company ("Assignor"), in favor of *First Capital Real Estate Investments LLC* ("Transferee").

## WITNESSETH:

1. _Definitions._  Any defined terms used herein and not otherwise defined shall have the meaning set forth in that certain Credit Agreement, dated December 30, 2015, executed by Assignor and **HEARTLAND BANK**, an Arkansas state bank ("Lender").

2. _Confirmation of Transfer._  Assignor hereby warrants and certifies that Transferee has succeeded to the rights of Assignor under the Collateral Loan Note described in Schedule I attached hereto and the liens, security interests and rights created and evidenced by the Collateral Loan Documents, pursuant to a public sale, private sale, judicial foreclosure or other proceeding brought by Lender, or by means of any other disposition by Lender, and that Transferee now owns (and Assignor confirms hereby the sale, transfer and assignment of Assignor's) right, title and interest in and to such Collateral Loan Note and Collateral Loan Documents.  As evidenced by the recording hereof, Assignor no longer owns or claims any right, title or interest in and to such Collateral Loan Note or Collateral Loan Documents and hereby waives and relinquishes any and all claims thereto and all rights, titles and interests therein.

3. _Effect Upon Recording._  The recording hereof in the County Clerk's Records of the County in which the applicable Underlying Security is located, shall constitute prima facie evidence of Lender's succession to Assignor's rights, titles and interests in and to the Collateral Loan Note and Collateral Loan Documents and shall constitute constructive notice to all parties of Transferee's ownership of all rights, titles and interests in and to the Collateral Loan Note and Collateral Loan Documents and the termination of Assignor's rights, titles and interests therein. Upon recordation hereof, no additional notification or evidence shall be required to be provided by Transferee to any and all such parties to evidence Transferee's ownership interest in and of the Collateral Loan Note and Collateral Loan Documents.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

## SIGNATURE PAGE TO FOLLOW]

EXECUTED as of the date first above written.

**BORROWER:**

**FIRST CAPITAL HOBBS, LLC**
a Delaware limited liability company

By:     First Capital Real Estate Investments, LLC,
        a California limited liability company,
        its sole member

        By: _____
              Suneet Singal, Managing Member


**STATE OF** _____   §
                             §
**COUNTY OF** _____    §

        This instrument was acknowledged before me on the ____ day of December, 2015 by
Suneet Singal, Managing Member First Capital Real Estate Investments, LLC, a California
limited liability company, sole member of First Capital Hobbs, LLC a Delaware limited liability
company, on behalf of said limited liability company.


                              _____
                              Notary Public – State of _____

My Commission Expires:

_Jun 26, 2015_     _See Attached 2015_
_CA Approved Verbiage_

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Sacramento_ )

On _30 Dec 2015_ before me, Thomas L Steinbach, Notary Public
(insert name and title of the officer)

personally appeared _Suneet Singal_,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

THOMAS L. STEINBACH
Commission # 2069759
Notary Public - California
Sacramento County
My Comm. Expires Jun 26, 2018

Signature _____ (Seal)

_Transfer of Note and Liens_

## SCHEDULE I

Promissory Note (Term Loan) dated September 27, 2013 in the original principal amount of $5,950,000 and executed by RREAF Hobbs, LLC, a Texas limited liability company and made payable to the order of Heartland Bank

15329346v.2