IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SIMMONS BANK, TRUSTEE OF THE
HEARTLAND BANK LIQUIDATING TRUST
U/I/D MARCH 8, 2018                                                      PLAINTIFF

v.                          No. 4:17-cv-549-DPM

FIRST CAPITAL VICTORIA LLC;
FIRST CAPITAL JOURDANTON LLC;
FIRST CAPITAL HOBBS LLC;  FIRST
CAPITAL REAL ESTATE INVESTMENTS LLC;
FIRST CAPITAL RETAIL LLC;  FIRST CAPITAL
REAL ESTATE ADVISORS LP;
and SUNEET SINGAL                                                       DEFENDANTS

## ORDER

Three First Capital entities assumed approximately $15 million of non-performing debt to Heartland Bank. The debt was rooted in Texas real estate developments. Two other First Capital entities, plus Suneet Singal personally, guaranteed repayment. The First Capital entities are a nest of limited liability companies; Singal was in charge. Heartland Bank was troubled — by these loans and others. Simmons Bank is in this case because Heartland eventually failed, and Simmons is the trustee of the Heartland Bank Liquidating Trust.

The First Capital entities and Singal admit all the debt-related facts: the amounts owed on the notes, the defaults, and the guarantors'

lack of payment. They defend against Simmons's claims for breach of the notes and the guaranties by saying there's more to the story. The First Capital entities got no money from the deal. They took over a failing real estate venture as an accommodation to Heartland because the bank was under pressure from state regulators. Heartland promised the First Capital entities more loans, as needed, which it never made. These promises came from Walter Quinn, the owner of Heartland Bank's holding company and moving force at the bank. Singal testified about all these surrounding circumstances on deposition. He and the First Capital entities say these circumstances create a promissory estoppel, make Heartland's hands unclean, and bar any relief to Simmons now. But, for three reasons, Simmons is entitled to summary judgment on its breach claims.

First, the effort to contradict the terms of the parties' undisputed transactional documents runs aground on the parol evidence rule, ARK. CODE ANN. § 4-2-202. The final writings control. Each loan document, and each guaranty, contains a merger clause, stating that it is the parties' entire understanding and supersedes any prior understanding, written or oral. And in the loan documents, the parties specifically agreed that Heartland had not committed to provide any other financing. Singal's contradictory testimony can't undo the parties' writings. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 232, 33 S.W.3d 128, 134 (2000).

Second, as Simmons argues, the core of promissory estoppel is reliance. *Wilcox v. Wooley*, 2015 Ark. App. 56 at 10, 454 S.W.3d 792, 798; RESTATEMENT (SECOND) OF CONTRACTS § 90 (1981). To carry the day, the reliance must be reasonable. *Mickens v. Correctional Medical Services, Inc.*, 395 F. Supp. 2d 748, 752–53 (E.D. Ark. 2005); RESTATEMENT (SECOND) OF CONTRACTS § 90 cmt. b (1981). This is usually a fact question. *Van Dyke v. Glover*, 326 Ark. 736, 744–45, 934 S.W.2d 204, 209 (1996). But, in the face of the agreements' clear contrary words, no factfinder could conclude that it was reasonable for the First Capital entities or Singal to rely on assurances from Quinn that more financing was around the bend.

Third, Simmons is not seeking any equitable relief. It seeks a judgment at law that the debt remains unpaid. An unclean hands defense may be asserted against a party who asks a court to do equity. *Poff v. Brown*, 374 Ark. 453, 456, 288 S.W.3d 620, 623 (2008). The maxim is he who comes into equity must come with clean hands. 2 POMEROY'S EQUITY JURISPRUDENCE § 397 (5th ed. 1941). Because Simmons seeks only legal relief, this equitable defense is unavailable.

There are some loose ends. First Capital Retail, LLC, is in bankruptcy, and the claims against it are stayed. № 27. All those claims will be dismissed without prejudice. Simmons also requests dismissal without prejudice of counts III and IV of the live complaint. The First Capital entities and Singal object, asking for either a with-prejudice

dismissal or fees and costs.  The Court overrules their objection.  These counts have always been at the margin.  There's no showing that the First Capital entities or Singal incurred any additional fees or costs related only to them.  Last, the motion to withdraw by local counsel for the defendants, № 110, is granted.  And the Court waives the requirement that defendants get replacement local counsel, given that the case is mostly concluded.

*   *   *

Motions, № 89, 105 & 110 granted.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 March 2019